## DONEGAN v YOUNGSTOWN (city)

Ohio Appeals, 7th Dist, Mahoning Co

No 2396. Decided October, 1937

John Ruffalo, Youngstown, and Forrest Cavalier, Youngstown, for plaintiff-appellant.

Vern Thomas, Youngstown, and William E. Lewis, Youngstown, for defendant-appellee.

## OPINION

By ROBERTS, J.

This action arose in the Court of Common Pleas and comes into this court upon an appeal of law. The plaintiff brought her action seeking to recover from the defendant city for damages which she claimed to have sustained in the way of personal injuries on the 24th day of January, 1935, when she stumbled and fell upon the sidewalk, alleged to have been in a defective condition on Edwards Street in the City of Youngstown.

The plaintiff lived in the vicinity of the accident and on the other side of the street, and, as testified to by her, she was not familiar with the side of the street upon which the accident occurred. Some snow had fallen the night before, not sufficient in quantity to cover the ground but had drifted and blown and lodged in depressions to some extent. The plaintiff was walking along on the right hand side of the pavement immediately preceding the accident and was about to meet a pedestrian proceeding in the opposite direction. The evidence shows, from the testimony and the exhibits, that on the right hand side of the walk a piece of concrete walk had been broken out, making a vacant space of the depth of the concrete and sufficient to permit the foot of the plaintiff to go down into the broken place, which caused her to fall, whereby she claims to have sustained considerable injury. The snow, which had been blowing upon the walk, as before mentioned, had filled this broken place in the pavement so that it was not easily observable. The plaintiff was assisted to arise by a man by the name of Thad Wilson, who was meeting her at the time of the accident.

There is no dispute in the testimony to the effect that the sidewalk had existed in this defective and dangerous condition for several years, affording ample time for the city to have acquired constructive notice of the existence of the defect, and it is thereby chargeable with notice and knowledge of this condition and was therefore guilty of actionable negligence in permitting this dangerous condition to exist for this long period of time.

There is some suggestion of contributory negligence on the part of the plaintiff, which is not sustained by the evidence. She testified that she never knew of this defective condition; that she had not been over the walk on this side of the street for a long time. In the absence of knowledge to the contrary she had a right to assume that the walk was in fairly reasonable condition for its intended purpose. Follow-

ing the accident Dr. D. M. Rothrock was called and gave the plaintiff medical attention and at his suggestion she was removed to a hospital where she remained for, as is recalled, twelve days, and then came home upon her own insistence and against the advice of her physician. The verdict of the jury was in favor of the city and against the plaintiff, and was, in the opinion of this court, against the manifest weight of the evidence.

Judgment reversed.

NICHOLS and CARTER, JJ, concur.